JUNE 2, 1804.

# Mary Nicholas *v.* Ex'rs of George Nicholas.

*Upon an appeal from a decree of the General Court.*

The right of a widow to renounce the provisions of her husband's will and to take her dower and distributable share in his estate, being limited to twelve months by law, a court of equity has no power to extend the time for her to make the election beyond that period.

This court accords with the general court in the opinion that the complainant's injunction should be dissolved, and, therefore, so far affirms the decree of the said court. But this court is of opinion that the general court erred in giving the complainant day to make her election, because the act of assembly limiting the time of election is express and positive, that if the widow does not make her election within the limited time, she "shall have no more of her husband's slaves and personal estate than is given her by his will." That part of the decree then having become a nullity, by the expiration of the time given, it is unnecessary to take any further notice of it than barely to observe that this court conceives it would not be justifiable in extending the time to any future period, more especially as the court is further of the opinion that the lapse of time is not saved by the commencement of the suit in the general court. This court sincerely sympathizes with the complainant under the difficulties to which the embarrassed situation of her deceased husband's estate has subjected her, and laments that it possesses neither the power nor the information

necessary to enable it to give her the advice and direction which she requires, and must, therefore, leave her case, which appears to have nothing peculiar in it to take it out of the common course of proceedings, to be decided in the ordinary way. In the preceding opinion, this court would not be, understood to have decided that the complainant, in consequence of her 'having failed to make her election in twelve months, is thereby precluded from claiming her right of dower in the land. That question not being now before the court, a decision on it would have been premature, and, therefore, improper. And it is further decreed and ordered, that this cause be remanded to the general court, in order that the said court may enter up a dismission of the complainant's bill, and do such other things as equity may require; and that the appellant do pay unto the appellees their costs in this behalf expended, which is ordered to be certified to the said court.