Flickey *v.* Loney.

FLICKEY, STEDMAN & FLACK *v.* B. S. & A. W. LONEY & Co., *et als.*

ASSIGNMENT OF CHOSES IN ACTION. *Notice.* The law is settled, in this State, that the assignment of a judgment or other like chose in action, where the legal effect of the contract is not to vest the legal title in the assignee, can only be perfected as against the debtor or party bound to pay, or his creditors, by notice given to such debtor or party bound, that such assignment has been made. If the possession is not changed, and apparent ownership still with the assignor, so that he is enabled to hold himself out as owner of the paper, and if the debtor

pay in good faith to the assignor thus in possession, he will be protected.

Cases cited: Clodfelter *v.* Cox, adm'r, 1 Sneed, 330; Mutual Protection Ins. Co. *v.* Hamilton & Goram, 5 Sneed, 269; Sugg *v.* Powell, *et als.*, 1 Head, 221; Gayoso Savings Institution *v.* Fellows, *et als.*, 6 Cold, 471, 472.

FROM BEDFORD.

No record of this case can be found.

FREEMAN, J., delivered the opinion of the Court.

A. L. Stamps, a resident of Bedford County. Tennessee, was indebted to various Baltimore merchants. He made an assignment of real estate to Edmund Cooper, as trustee for their payment, 1st of December, 1860, the property being valued to the creditors at upwards of $12,000; but the notes were not. to be given up until all incumbrances on property were discharged. Stamps was indebted to Mercer, Manahan & Reese, of Baltimore, in the sum of about $1,800, due by promissory note, and this was one of the debts intended to be arranged by his deed to Cooper. Mercer, Manahan & Reese made an assignment on the 20th of February, 1861, to complainant, as trusteee, of all their property, real, personal, debts, choses in action, etc, which was duly registered in Maryland, the 22d of February, 1861.

B. & S. Loney & Co., merchants of Baltimore, who declined to take under the last named deed of trust, in 1863 recovered a judgment against Mercer, Mana-

han & Reese, and on the 2d of January, 1868, filed their attachment bill at Shelbyville, against said firm, Edmund Cooper, the trustee, and Stamps, the debtor of Mercer, Manahan & Reese, seeking to subject so much of the debt of Stamps, due said firm, as would satisfy their judgment.    At June Term, 1868, a decree was had in favor of Loney & Co. for $642 50, the amount of their debt, and this amount due from Stamps and secured by the deed of trust, ordered to be applied to the discharge of the decree.    Stamps under this decree, paid or settled the amount with Cooper, who was the attorney of Loney & Co., as well as trustee, and who still holds the money.

The complainants claim, that they are entitled to this money, as assignees under the trust deed of Mercer, Manahan & Reese, in preference to Loney & Co., the creditor of the firm, under his attachment and decree. It is proper to add, that the claims of Mercer, Manahan & Reese, evidenced by note, had been placed in the possession of Mr. Cooper in 1860, when the Stamps deed was made to him as trustee, and remained so, in his hands, up to the time of his filing the attachment bill.

The grounds on which complainants claim this fund, are, that the deed of trust to them transferred the debts to them, as trustees, and being registered in Baltimore, where Loney & Co. resided, it was notice to them of such assignment, before filing their attachment bill, and also, that they probably had actual notice.

A demurrer was filed to this bill on the ground, that the bill did not allege notice of the assignment to Stamps, the debtor, or Cooper, the trustee. This was, by the Chancellor, overruled, and raises the question on which the case turns.

The law is settled in our State, that the assignment of a judgment, or other like chose in action, where the legal effect of the contract is not to vest the legal title in the assignee, can only be perfected as against the debtor or party bound to pay, or his creditors, by notice given to such debtor or party bound, that such assignment has been made. See *Clodfelter* v. *Cox, ad'mr*, 1 Sneed, 338–9; *Mutual Insurance Company* v. *Hamilton & Goram*, 5 Sneed, 269; *Sugg* v. *Powell et al.*, 1 Head, 221. The latter case, however, holds that, in case of a promissory note, where it was transferred and delivered as indemnity to a party bound for another, that no notice of the transfer was necessary. In other words, the principle has no application to the actual transfer and delivery, or actual negotiation of negotiable paper, in the language of Judge Andrews in the case of the *Gayoso Savings Institution* v. *Fellows, et als.*, 6 Cold., 471–2, it has no application; "where a note, bond or bill, or like evidence of debt is assigned, and is transferred by actual manual delivery to the assignee, and this, whether the legal title in this class of instrument passed by the assignment or not. If, however, the possession is not changed, and apparent ownership still with the assignor, so that he is enabled to hold himself out as

owner of the paper, it could be fraudulent as against creditors and subsequent purchasers in good faith. And if the debtor pay in good faith, to the assignor thus in possession, or has submitted to judgment on garnishment, he would be protected;" *Ibid.* 472.

The principle thus laid down is applicable to the present case. Here the debtor, Stamps, having no notice of the deed of trust to complainant, the note evidencing the debt against him being in the hands of Mr. Cooper, in Tennessee, the agent of Mercer, Manahan & Reese, or, rather, trustee, submits to a decree against him on the attachment bill, and has actually paid the money over to Cooper, as attorney 'of the attaching creditor. We hold, under such circumstances, the payment is valid, and the creditor can hold the money thus received; for if Stamps could rightfully pay it, the other can rightfully receive it.

We need not discuss or examine the law of Maryland on this question, as the rule of comity would not require that we should enforce that law to the injury of our own citizens in a case like the present, and we deem the rule necessary for their protection in paying debts under such circumstances.

Reverse the decree of the Chancellor, and enter a decree here in pursuance of this opinion, costs to be paid by complainants.