Freeman, J.,
delivered tbe opinion of tbe court:
Tbe only matter before us in tbis case arises on tbe claim of Carrigan, in tbe cross bill to tbe judgment attached by Leatberwood in bis original bill.
"Without-going into a statement of tbe complicated facts shown in the record, as preliminary historical matters on which tbe question to be decided are raised, it suffices to sa.y, that two questions are [presented by tbe record for adjudication.
First, did Carrigan, by tbe assignment made by McGree, in November, 1873, of tbe judgment to which Rhodes was equitably owner, acquire a title to said judgment that would override tbe attachment of Leatberwood, a creditor of Rhodes?
To tbis we answer, it is certain be did not, it being in any view of it, an assignment of a judgment, and no notice of such assignment given or brought home to tbe debtor.
Tbis is almost tbe precise case of Clodfelter v. Cox, admr., 1 Sneed, 338, and falls unmistakably under tbe principle therein settled.
Tbe other question is, whether Carrigan, as an attorney, can bold tbe judgments by virtue of bis lien as such as against Leatberwood’s attachment? Tbe chancellor held that be could not. In tbis be is in error, we think, to tbis extent.
Tbe facts are that tbe judgments bad been assigned to Carrigan, but as we have said, that assignment was not perfected as to him against an attaching creditor, for want of notice. Carrigan certainly bad no general lien on these *40 judgments, as papers in bis bands for bis other fees for services rendered Rhodes in the case of Pitt v. State, but he had obtained this judgment of $503, or about that sum, on the certiorari suit in the circuit court, an'd as such had a lien for a reasonable fee on said judgment, so obtained by him. and of this Leatherwood had notice, he being the party against whom it was rendered. We think under this state of facts the attaching creditor gets the benefit of the judgment, subject to this lien of the attorney. In other words, his attachment to the judgment takes it subject to his lien, which is entitled to priority. The amount of such fee is not shown in the record. "We therefore direct a reference to the clerk of this court, who will report at present term, if practicable, what is a reasonable fee for attention to the certiorari case, in which the $503 judgment was rendered in the circuit court, and Carrigan will be entitled to such sum in preference to the attaching creditor. To this extent the decree below is modified. Costs of this court will be divided between the parties. Costs below as directed by the chancellor.