J. W. Damron, Admr. v. W. A. Robertson *et al.*

Lien. *Attorneys.* The lien of a lawyer on a money judgment or decree in equity to be paid out of a fund under the control of the court, will be superior to the lien of a subsequent attaching creditor, although the client be nominally a defendant in the cause.

FROM LINCOLN.

Appeal from the Chancery Court at Fayetteville. Jno. W. Burton, Ch.

HOLMAN & HOLMAN for complainant.

LAMB & TILLMAN for defendants.

COOPER, J., delivered the opinion of the court.

In a bill filed by the present complainant as administrator of Gilbert Robertson, deceased, against the heirs and distributees of the estate, for a sale of property for division and for an account of advancements, the shares of the parties were ascertained and declared. One of these parties was the defendant, W. A. Robertson, a son of the intestate, and a non-resident of this State. He was represented by Lamb & Tillman, as lawyers, and his share of the estate was about $1,000. In the account of advancements, he was charged with about $840, the amount of two notes executed by him to his father. Upon exception, the chancellor struck out this charge, and, upon appeal, this court affirmed the decree, but without prejudice to the rights of the administrator to sue on the notes, and gave Lamb & Tillman a lien for their fees on the share of their client in the estate as ascertained and adjudged.

The present bill was afterwards filed by the administrator to recover the amount of the two notes of the defendant, W. A. Robertson, and to attach for the satisfaction of the recovery the distributive share of the defendant in his father's estate as above set out. Such proceedings were had in the cause that the complainant recovered a judgment against the defendant largely in excess of the distributive share, and a decree to subject the fund to the satisfaction *pro tanto* of the judgment.

In the meantime, Lamb & Tillman intervened, claiming priority of satisfaction for their fees. The only question before us is whether they are entitled to the priority claimed.

The fund in controversy was *in custodia legis* in the original cause, being money derived from the sale of property for division, and for which there was a decree in that cause in favor of W. A. Robertson. The services were rendered by Lamb & Tillman for him in that cause. Those services gave them a lien, without any order of court, on the fund, which became fixed by the positive decree in favor of their client in that cause: *Cunningham* v. *McGrady*, 2 Baxt., 141. Their services were not merely in defense of their client's title against an adverse claim, but resulted in the recovery of a decree in his favor for a definite sum then in control of the court, although nominally a defendant. In equity the position of a party is of no consequence. Their lien was of course superior to the lien of the complainant as a subsequent attaching creditor: *Carrigan* v. *Leatherwood*, 3 Leg. Rep., 137. The order of this court would not prejudice that lien.

The decree of the chancellor will be reversed, and a decree rendered here in accordance with this opinion and the report of the Referees. The costs of this court will be paid by the complainant, and allowed him as a credit on his account as administrator.