# JANUARY TERM, 1907

CASE 28.—ACTION BY J. G. FORRESTER AND OTHERS
AGAINST E. S. HOWARD AND OTHERS TO
ENFORCE A LIEN FOR AN ATTORNEY'S FEE ON
LAND RECOVERED IN THE ACTION.—Jan. 10, 1907.

## Forrester, &c. v. Howard, &c.

Appeal from Harlan Circuit Court.

M. J. Moss, Circuit Judge.

From the judgment plaintiff appeals.  Reversed.

1.  Judicial Sales—Vacating —Irregularities in Decree.—Defend-
ant's land was sold under a judgment obtained by plaintiffs,
who became the purchasers, and a deed was made to them.
Subsequently an order was made for the purpose of sup-
plying an omission in the record in failing to have the report
of sale of the commissioner confirmed, and this order con-
firmed the sale and directed the commissioner to prepare
another deed.  Later another order was made for the pur-
pose of correcting an error in the description of the land
in the second deed, and the commissioner was directed to
prepare a deed with correct description.  Both orders were
made without notice to defendants.  Held, the substantial
rights of defendants were not prejudiced or affected by the
orders made.
2.  Same—Confirmation.—Where the record does not show that
the report of sale made by a commissioner was confirmed,
an order of the court directing that a deed be made is, in
effect, a confirmation of the sale.
3.  Appeal—Decision Reviewable—Relating to Judicial Sale.—
An order confirming a sale of land and directing that a deed
be made is a final and appealable order.

4. Judgment—Vacation—Right to Relief.—Where an order is final and appealable it can be vacated or modified by an appeal to this court, or by the lower court for any of the causes specified in Civ. Code Prac. sec. 518, but in no other way.

·5. Judicial Sales—Exceptions to Report—Existence of Other Remedy.—Where an order confirming a sale of land and directing that a deed be made was not appealed from nor vacated or modified under Civ. Code Prac. sec. 518, which provides the grounds on which a judgment, after expiration of the term, may be vacated or modified, an order sustaining exceptions to the report of sale was a nullity, since the court had lost control of the case.

6. Same—Conveyance to Purchaser—Presumption.—It will be presumed that the description in a deed made by a commissioner in pursuance of an order of the court followed the description of the land contained in the pleadings and judgment under which the land was sold.

7. Same—Correction of Errors.—If, by a mistake, or neglect, the description of land in a deed made by a commissioner in pursuance of an order of the court does not conform to the description of the land contained in the judgment under which the land was sold, and report of sale, the court at any time can permit its commissioner to correct the deed or make a new deed conforming to the judgment and report.

8. Appeal—Presentation of Error—Motion for New Trial—Necessity.—Where the record discloses all the facts necessary to enable the court to consider the questions of law presented, a motion for a new trial is not necessary.

9. Attorney and Client—Lien—Property in Litigation.—An attorney who defends an action in which it is sought to recover property is not entitled to a lien upon the property he succeeds in saving for his fees.

10. Judgment—Vacating—Waiver of Right.—Although so much of a judgment is erroneous as awards an attorney a lien on land for his fees, the objection comes too late when first made on a motion to vacate an order confirming the sale under the judgment directing a deed to be made.

H. C. CLAY and J. G. & J. S. FORRESTER for Appellants.

POINTS AND AUTHORITIES.

1. Fraud must be plead. (McCarty v. Payne, 5 R., 242.)
2. Power of the court over its orders after the term. (Code

Forrester, &c. v. Howard, &c.

Sections 344, 518; Anderson v. Anderson, 57 Ky. 18 (B. M.), 95; Hocker v. Gentry, 60 Ky. (3 Met.), 463; McGowan v. Pennybaker, 60 Ky., 501; McManama v. Garrett, 60 Ky., 517; Scott v. Scott's, Executrix, 82 Ky., 332; Kincaid's Adm'r v. Tutt, 88 Ky., 392; Oliver v. Park, 101 Ky., 1; Lovelace v. Lowell, 107 Ky., 676.)

3. Limitation 3 years. (Code Sec. 344; Anderson v. Meredith, 10 R., 460; Nickell v. Fallen, 15 R., 389.)

4. Not necessary to vacate void orders. (Stevens v. Deering, 10 R., 292; Spencer v. Parsons, 89 Ky., 578.)

5. After summons no notice of the entry of orders is necessary. (Monarch v. Brey, 106 Ky., 692; Hagood v. Riley, 21 S. C., 143.)

6. Title may pass without an order of confirmation. (Tipton v. Powell, 42 Tenn. (2 Cold.), 19; Watt v. Scott, 3 Watts (Pa.), 79; Tooley v. Gridley, 11 Miss. (3 S. & M.), 515; Henderson v. Herrod, 23 Miss., 453; Redus v. Hayden, 43 Miss., 632; Smith v. West, 64 Ala., 38; Jones v. Manly, 53 Mo., 559; Grayson v. Weddle, 63 Mo., 523; Gilbert v. Cooksey, 69 Mo., 42; Moody v. Butler, 63 Tex., 212; Loyd v. Waller, 74 Fed., 607.)

W. F. HALL and GREENE & VANWINKLE Counsel for Appellees.

## POINTS AND AUTHORITIES CITED.

1. A purchaser at decretal sale acquires no right or title to the property until the sale is confirmed by the chancellor. (Taylor v. Giplin, &c., 3 Met., 544; Forman & Dana v. Hunt, &c., 3 Dana, 622; Ball, &c., v. First National Bank of Covington, 4 R., 404; Neal, &c., v. City of Louisville, 6 R., 300; Thornton, &c., v. Thornton, &c., 23 R., 930; Vanmeter v. Vanmeter's Assignee, 88 Ky., 448.)

2. The exceptions to the master commissioner's report of sale was properly sustained. (McLaughlin v. Schneid, &c., 11 R., 648; Haney v. McClure, &c., 88 Ky., 146; Phelps, &c., v. Jones, 91 Ky., 244; Dickerson's Heirs v. Talbot's Ex'rs, 14 B. M., 59; Forst, &c., v. Davis, 101 Ky., 351-2.)

3. The three orders complained of made in the case in the court below after the case had been retired from the docket were each void orders. (Thompson, &c., v. Thompson, &c., 23 R., 1538; Wilson, &c., v. House, &c., Bush, 406; Smith, &c., v. Lewis, 5 R., 427 (3); Cornelison v. Stephens, 8 R., 417 (1); Hare, &c., v. Anderson, &c., 12 R., 306; Cornelison v. Stephens, 12 R., 276; Carroll's Code, Section 763; A. & E. E. of Law, vol. 17, 825 (b); Fant, Receiver v. Kannelley, &c., 4 R., 362; Lem-

ming v. Mullins, 6 R., 509 (1); Bamberger Bloom & Co., v. Vincent, 12 R., 765; Stephens, &c., v. Deering, &c., 10 R., 393; Brown, &c., v. Vancleave, &c., 14 R., 821; Curd, &c., v. Williams, &c., 13 R., 855; Lyttle v Bach & Miller, 29 R., 424; Ky. Statutes, section 107.)

4. The grounds for a new trial: "said judgment is against both law and evidence" is too general to call the court's attention to any error committed on the trial of the cause. (Combs v. Hargis, 4 R., 446; Ohio Valley Railway, &c. v. Thomas, &c., 9 R., 508; Carlin, &c., v. Baird, &c., 11 R., 932; Jones v. Worden, &c., 12 R., 105; L. & N. R. Co. v. Coniff's Adm'r., 16 R., 296; Sellars v. Cincinnati, &c., Railway Co., 16 R., 833; Trent, &c., v. Colvin, &c., 18 R., 173; Jones v. Wocher, &c., 90 Ky., 230.)

OPINION OF THE COURT BY JOHN D. CARROLL COMMISSIONER—Reversing.

The appellants, who are attorneys, were employed by appellees to defend a suit brought against them to recover a tract of land containing 500 acres known as the "Bingham Patent." They were successful in the defense of the action, and were allowed a lien on the land for a reasonable fee. Afterwards, in 1894, they brought this suit, averring that their services were reasonably worth $300, and asked that so much of the land as might be necessary to satisfy the same be sold for that purpose. Pending this action it was agreed that one B. F. Creech owned a certain part of the 500 acres, and by an amended petition appellants sought to subject the remainder of the tract, which consisted of 133 acres, to the payment of their debt, and in 1896 a judgment was rendered in their favor for $300, and it was further adjudged that they had a lien on the 133 acres, or rather the entire 500 acres, which was described by metes and bounds, excepting that part thereof owned by Creech, which was also described in the judgment—the description of the land and the part excepted being the same in the judgment as in the pleadings. Under this judgment, the

133 acres were sold and purchased by appellants for the amount of their debt, and in November, 1896, a deed was made conveying to them the land, and a writ of possession awarded.   After the writ of possession was awarded, the case was left off the docket, and the next order was made in August, 1899.   This order recites that the deed of 1896 was prematurely made and is defective, and, on motion of appellants, is quashed.   The report of sale made by the commissioner in 1896 was confirmed by this order, and the commissioner directed to prepare another deed conveying to appellants the land described in the former judgment, and thereupon the deed produced by the commissioner was acknowledged and approved by the court.   The appellees had no notice of this order— the only purpose of which was to supply an omission in the record in failing to have the report made by the commissioner in 1896 confirmed.   Again at the February term, 1905, of the court, the action · on motion of appellants was redocketed, and an order entered reciting that the deed made by the commissioner in 1899 was defective in failing to correctly describe the land, there being omitted from the deed the two last calls in the description contained in the pleadings and judgment, and the commissioner was directed by this order to correct the deed in the respect mentioned, and prepare and report to the court a deed containing a correct description of the property.   Thereupon the commissioner produced a deed which was examined and approved by the court, and another writ of possession was ordered.   This order was also made without notice to appellees.   At the July term, 1905, the appellees, after notice to appellants, moved the court to set aside and vacate the orders made in the case on behalf of appellants in 1899 and in 1905, and tendered to appellants the

amount of their debt, interest, and costs. To this motion the appellants responded, in substance, that the only purpose of the motion made in 1899 and in 1905 was to correct the omission and errors heretofore mentioned, and that the appellee E. S. Howard was then the sole owner of that part of the Bingham patent containing 133 acres, and which was subjected to their lien and conveyed to them, and that in March, 1905, E. S. Howard had leased in writing from appellants until January, 1906, the 133 acres, surrendering to them all rights and interest he might have therein, and agreeing to surrender possession at the expiration of the lease to appellants. To this response a reply was filed by appellee E. S. Howard denying that appellants were at any time given a lien on or that there was conveyed to them, the 133 acres, asserting ownership thereto in himself, and averring that the rent contract was obtained by fraud.

On the issues made by the response and reply, evidence was heard by the court, and it appears from this evidence that the 133 acres in controversy is included in, and is a part of, the Bingham 500-acre patent, and is all that remains of this 500 acres after setting apart to Creech the quantity it was agreed by the parties he was entitled to. It also discloses that, when the judgment was obtained by the appellants in 1895, this 133 acres was not worth more than $300 or $400, but that in 1905, and at the time of the trial, it was worth $1,500. The Bingham patent was not surveyed until March, 1905, and then Howard, as he testifies, learned for the first time that its lines included the 133 acres upon which he had resided for some time, although, in a deposition given by him in 1890, in the case of Bingham v. Howard, involving the ownership and title to this land, he testified that he had lived on this 500-acre tract for 30 years, and

that his father bought the tract from Elisha Bingham. It thus appears that appellee Howard knew something of the boundary of this Bingham land. The lower court entered a judgment setting aside and vacating all of the orders made in the case in 1899 and 1905, to which judgment appellants excepted, and prayed this appeal. Afterwards, in February, 1906, appellees filed exceptions to the commissioner's report of sale made in 1895. These exceptions the court sustained, and it was ordered that the report of sale be quashed and held for naught, and from this order appellants also appeal.

The substantial rights of appellee were in no wise prejudiced or affected by the orders made at the instance of appellants in 1899 or 1905. Indeed, it was not necessary that appellants should have had any of these orders made. Although the record did not show that the report of sale made by the commissioner in 1895 was confirmed, the order of court directing that a deed be made was, in effect, a confirmation of the sale, and the order confirming the sale and directing that a deed be made was a final and appealable order, and the only way that appellees could vacate or modify that order was in the manner pointed out in the Code, by appealing to this court, or having it vacated for some of the causes specified in section 518 of the Civil Code of Practice. Having failed to resort to either of these methods, their motion made in 1905 was entirely unavailing. The lower court had completely lost control of the case, and could not, by any order made in 1905, disturb a judgment or final order entered in 1895. For the same reason, the order of the lower court sustaining the exceptions to the report of sale made in 1895 was a nullity. If the deed made by the commissioner in 1895 can be found, it may be recorded in the proper office; if

not, the deed made in 1905 should be recorded. The title to the land vested in appellants when the deed was made conveying to them the land in 1895. It is to be presumed that this deed followed the description of the land contained in the pleadings and judgment, but if, by oversight or neglect, the description of the land in the deed did not conform to the description of the land contained in the judgment and report of sale, the court might at any time have permitted its commissioner to correct the deed, or make a new deed conforming to the judgment and report. To authorize this court to reverse the judgment of the lower court in vacating the orders made on motion of the appellants and in sustaining the exceptions to the report of sale, no motion for a new trial was necessary. The record discloses all the facts necessary to enable this court to consider the questions of law presented.

Our attention is also called to the fact that it was error to allow appellants a lien upon the land for their fee. This point would have been well taken if the question had been presented in proper time, and so much of the judgment as awarded a lien would have been set aside. An attorney who defends an action in which it is sought to recover property is not entitled to a lien upon the property that he succeeds in saving. Lytle v. Bach & Miller, 93 S. W. 608, 29 Ky. Law Rep. 424. But it is now too late for the appellees to complain of this error.

The judgment of the lower court vacating the orders made in the case on behalf of appellants in 1899 and 1905 and in sustaining exceptions to the commissioner's report of sale is reversed, with directions to proceed in conformity to this opinion.