CASE 58.—CONTROVERSY BETWEEN T. HARLAN & CO. AND BENNETT, ROBBINS & THOMAS INVOLVING A LIEN FOR ATTORNEY'S FEES.—December 17.

# Harlan & Co. v. Bennett, Robbins & Thomas

Appeal from Hickman Circuit Court.

R. J. Bugg, Circuit Judge.

From the judgment Harlan & Co. appeals—Affirmed.

1. Attorney and Client—Attorney's Lien for Services—Time When Lien Attaches—Priorities.—A lien for attorney's services decreed by the judgment in the action wherein the services are rendered relates back and takes effect from the time of the commencement of the services, and is superior to an attachment subsequently levied on the interest of the

attorney's client in the property involved in the action.

2. Same—Right to Lien—Statutory Provisions.—Ky. Stats., 1903, section 107, provides that, where an action is prosecuted to a recovery, the attorney shall have a lien on the judgment for money or property which may be recovered for his fee, etc.   Under Civil Code Prac., section 732, subsection 34, the word "action" embraces a demand for a set-off or counterclaim.   Held, That, while, where defendant's attorney merely defeats a recovery by plaintiff, he is not entitled to a lien on the property involved in litigation, he is entitled to a lien if he obtains an affirmative judgment for defendant.

3  Partnership—Lien of Partner on Assets.—A partner has a lien on the partnership assets for his portion thereof after payment of the firm debts.

4.  Attorney and Client—Attorney's Lien for Services—Statutory Provisions.—Ky. Stats., 1903, section 107,, provides that where an action is prosecuted to a recovery, the attorney shall have a lien on the judgment for money or property recovered for his fee.   Held, That where, in a suit by partners to settle the partnership and to enforce their lien on the assets, defendant partner obtained an affirmative judgment for a definite sum then under the control of the court, the title to which up to the time of the judgment was in the partnership and not in himself alone, there was a recovery within the meaning of the statute, and defendant's attorney was entitled to a lien for his fee.

J. M. PRUMMAL and DEASON. RANKIN & ELDER. Attorneys for appellant.

BENNETT, ROBBINS & THOMAS for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Affirming.

On May 15, 1904, W. F. Cowles, Geo. S. Cowles, and L. W. Cowles instituted an action in equity against Geo. S. Palmer in the Hickman circuit court, seeking a settlement of the copartnership existing between them, which was conducted under the first name of the Diamond Cooperage Company.   Appellees, Bennett, Robbins & Thomas, were employed by

the defendant Palmer as his attorneys to defend for him and assert his claim to the partnership assets. On June 13, 1904, they prepared and filed his answer and counterclaim. In the pleadings, which were voluminous, plaintiffs sought to charge Palmer with large sums of money, while he made counter charges against them, and prayed for a settlement of the partnership, and for judgment for such sum as might be found to be due him. A great deal of testimony was taken, and every point involved in the case warmly contested. On October 13, 1905, judgment was rendered fixing the rights of the parties, including the creditors of the firm, and in that judgment a lien for $300 was decreed in favor of appellees on the money adjudged to Palmer out of the assets of the firm. Pending this litigation, the property of the firm had been sold, and the proceeds were in the custody of the court. On November 18, 1904, appellants sued Geo. S. Palmer for about $2,000, and had an attachment issued against his property. On the following day this attachment was levied on Palmer's interest in the firm property. Subsequently John R. Kemp, the special commissioner of the court, who under proper orders sold the firm property, was summoned as garnishee. On September 27, 1905, appellants recovered judgment against Palmer for $1,360.98, and their attachment was sustained. By judgment entered October 11, 1906, the sum adjudged to Geo. S. Palmer out of the partnership assets was fixed at $1,313.21. Appellants were given all of this fund, except $339.87, which was held until the issue could be tried between them and appellees. On October 10, 1906, appellants filed an amended petition, making appellees parties to the proceedings. Appellees thereupon filed a demurrer and answer.

The case was submitted, and judgment rendered February 14, 1907, adjudging appellees' lien for attorney's fee superior to appellants' attachment lien. The validity of this judgment is now before us.

As appellees filed Palmer's answer and counterclaim several months prior to the time of appellants' attachment, appellees' lien, if they had any, related back and took effect from the time of the commencement of their services, and was superior to the attachment. Robertson & Cleany v. Shutt, 9 Bush, 659. The only question to be determined then is whether or not appellees were entitled to a lien. Section 107, Ky. St. 1903, provides: "Attorneys-at-law shall have a lien upon all claims or demands, including all claims for unliquidated damages put into their hands for suit or collection, or upon which suit has been instituted, for the amount of any fee which may have been agreed upon by the parties, or in the absence of such agreement for a reasonable fee for the services of such attorneys; and if the action is prosecuted to a recovery, shall have a lien upon the judgment for money or property which may be recovered— legal costs excepted—for such fee," etc. It will be observed that the statute gives the attorney a lien where the action is prosecuted to a recovery. Under subsection 34, section 732, Civ. Code Prac., the word "action" embraces a demand for a set-off or counterclaim. Therefore the attorney for the plaintiff may not be the only attorney entitled to a lien. There may be instances where the attorney for the defendant has the same right. Of course, if the attorney for the defendant merely succeeds in defeating a recovery by the plaintiff, he is not entitled to a lien upon the property involved in the litigation. Lytle v. Bach & Miller, 93 S. W. 608, 29 Ky. Law Rep. 424; Wilson

v. House, 10 Bush, 406.. If, however, he succeeds in
obtaining an affirmative judgment in favor of his
client, we think the rule is otherwise.

In the case of Damron v. Robertson, etc., 80 Tenn.
372, the Supreme Court of Tennessee, where the rule
is the same as in this State, that the attorney has no
lien except in cases of a recovery, confirms this view.
In that case a suit was instituted for the sale and
distribution of the property of a decedent, and for
the purpose of requiring an accounting of advance-
ments received by the heirs. One of the heirs was a
defendant in the action, and was represented by at-
torneys. The latter succeeded in defeating any charge
against their client for advancements, and out of
the proceeds of the property of the decedent, the
fund being in court, their client was adjudged about
$1,000. The decedent held the defendant's notes for
sums more than his distributable share of the estate,
and the administrator instituted an action and at-
tached the defendant's share of the fund in court.
In the meantime the attorneys who represented the
defendant in the suit for division and settlement
intervened in the attachment case, and claimed a
priority of lien for their services for the defendant.
The lower court sustained the attachment lien, and
gave the plaintiff in the attachment the fund as
against the attorneys. Upon appeal, the Supreme
Court, in reversing the case, said: ''The fund in con-
troversy was in custodia legis in the original cause,
being money derived from the sale of property for
division, and for which there was a decree in that
cause in favor of W. R. Robertson. The services were
rendered by Lamb & Tillman for him in that cause.
Those services gave them a lien without any order
of court on the fund, which became fixed by the posi-

tive decree in favor of their client in that cause. Cunningham v. McGrady, 2 Baxt. (Tenn.) 141. Their services were not merely in defense of their client's title against adverse claim, but resulted in the recovery of a decree in his favor for a definite sum then in the control of the court, although nominally a defendant. In equity the position of a party is of no consequence. Their lien was, of course, superior to the lien of the complainant as a subsequent attaching creditor. Carrigan v. Leatherwood, 3 Leg. Rep. 137, s. c. 3 Tenn. Cas. 38. The order of this court would not prejudice the lien." Every partner has a lien on the partnership assets for his portion thereof after the payment of the firm debts. The action by the Messrs. Cowles against the defendant Palmer, in which appellees were adjudged a lien for their legal services in behalf of Palmer, was not a suit to recover an indebtedness already ascertained by a partnership settlement. It was a suit to settle the partnership, and to enforce their lien upon the assets. The defendant Palmer not only controverted their claim, but affirmatively asserted his own claim to and lien upon the assets. These assets were not in the possession of any of the partners. They were in custodia legis. By the efforts of appellees, therefore, the defendant Palmer did not succeed merely in defeating the claim of plaintiffs, or in retaining that which was already his and under his control, but in establishing his positive right to and obtaining an affirmative judgment for a definite sum then under the control of the court, the title to which up to the time of the judgment was in the partnership, and not in himself alone. To this extent we think there was a recovery within the meaning of the statute, and that the court properly allowed appellees a lien for their fee of

$300 which was certainly reasonable in view of the character and result of their labors.

For the reasons given, judgment is affirmed.

Petition for rehearing by appellants overruled.