## Hatfield v. Richmond, et al.

(Decided October 16, 1917.)

### Appeal from Letcher Circuit Court.

1. Appeal and Error—Jurisdiction Where Statutory Lien Upon Land Asserted.—This court has jurisdiction of an appeal from a judgment of the circuit court allowing an attorney a lien upon land for his fee of $150.00.
2. Appeal and Error—Jurisdiction Where Right to Enforce Statutory Lien Involved.—Under section 950 of the Kentucky Statutes an appeal may be taken to this court in all cases in which the right to enforce a statutory lien on land is directly involved.
3. Attorney and Client—Lien of on Property Recovered on Counter-claim.—Where a defendant recovers money or property on his counter-claim, the attorney representing him is entitled to the same statutory remedies and liens for the security of his fee as if his client had set up by petition the cause of action asserted in the counter-claim and had recovered thereon against the defendant.

WHITT & SHANNON for appellant.

W. G. DEARING for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The lower court adjudged S. E. Baker, an attorney, a lien for $150.00 upon a tract of land, and Hatfield appeals.

The first question arising on the record is, can an appeal be prosecuted to this court as a matter of right from a judgment of a circuit court allowing an attorney a lien upon land for his fee when the fee for which the lien is given is only $150.00?

It is provided in section 950 of the Kentucky Statutes that "An appeal may be taken to the Court of Appeals as a matter of right from the judgment of the circuit court in all cases in which the title to land or the right to an easement therein, or the right to enforce a

statutory lien thereon is directly involved." And in section 107 it is provided that "Attorneys-at-law shall have a lien upon all claims or demands, including all claims for unliquidated damages put into their hands for suit or collection, or upon which suit has been instituted, for the amount of any fee which may have been agreed upon by the parties, or, in the absence of such agreement, for a reasonable fee for the services of such attorneys; and if the action is prosecuted to a recovery, shall have a lien upon the judgment for money or property which may be recovered—legal costs excepted—for such fee."

It will be seen that by section 107 when a claim or demand is put into the hands of an attorney for suit or collection, or upon which suit has been instituted, he shall have a lien upon the judgment for money or property which may be recovered for any fee which may have been agreed upon, or, in the absence of such agreement, for a reasonable fee for his services. In this case the property recovered was land, and the attorney for the successful claimant was given by the statute a lien upon it for his fee, so that the case falls clearly within the provisions of section 950, declaring that "An appeal may be taken to the Court of Appeals as a matter of right. . . . in all cases in which the title to land . . . or the right to enforce a statutory lien thereon is directly involved." And so, this court has jurisdiction of the appeal.

It is said, however, that the suit in which Baker asserts the fee against Hatfield was a suit brought by Richmond against Hatfield, and that as Baker represented the defendant in the suit, the statute giving attorneys a lien is not applicable, because this statute gives a lien to attorneys only upon money or property which may be recovered in an action instituted by them. It has been held in numerous cases that an attorney who represents a defendant who is merely resisting an action seeking the recovery of money or property, though his client may be successful, is not entitled to the lien provided for in section 107 of the statutes. Lytle v. Bach & Miller, 29 Ky. L. R. 424; Thompson v. Thompson, 23 Ky. L. R. 1535; Forrester v. Howard, 124 Ky. 215. And, therefore, if it were a fact that Baker had only been employed by Hatfield to resist a suit brought by Richmond against him to recover the land, Baker could not assert a lien on it by virtue of the statute, for the simple reason that he had not recovered the property in controversy for

his client Hatfield. He would only have succeeded in defeating the right of Richmond to take the property from Hatfield.

It appears, however, from the record that there was a controversy between Richmond and Hatfield as to the ownership of a boundary of land, and that in the suit brought by Richmond to recover the land Hatfield, by way of counter-claim, asserted his ownership to it. In this suit the lower court decided that Richmond was the owner of four-tenths of the land and Hatfield the owner of six-tenths, but from this judgment Hatfield prosecuted an appeal, and it was adjudged by this court on the counter-claim of Hatfield that he was entitled to the whole of the land. It will thus be seen that Hatfield, although a defendant in the action of Richmond, was seeking by counter-claim to be adjudged the owner of all the land in dispute, and that it was finally adjudged to him. We perceive no difference between the right of an attorney to his statutory lien who represents a defendant who successfully asserts title to the property by way of counter-claim and the right of an attorney to a statutory lien who successfully represents the plaintiff who is seeking to recover property on his petition.

A counter-claim is defined by section 96 of the Civil Code to be "a cause of action in favor of a defendant against a plaintiff, or against him and another." It is not merely a defensive pleading resisting a recovery by the plaintiff, but the assertion of a separate cause of action against the plaintiff, or against him and another, and must be supported by every allegation necessary to uphold an original petition. Therefore, when it appears that the defendant, who has filed an answer and counter-claim, recovers money or property on his counter-claim, the attorney representing him is entitled to the same statutory remedies and liens for the security of his fee as if his client had set up by petition in a separate suit the cause of action asserted in his counter-claim, and had recovered thereon against the defendant. Harlan & Co. v. Bennett, Robbins & Thomas, 127 Ky. 572.

It is suggested by counsel for Hatfield that the land upon which Baker was adjudged a lien is owned by one Alex. Bishop, and that he should have been made a party to the action. It appears from the judgment of the lower court that Bishop took the land subject to the lien of Baker pending this litigation between Hatfield and Baker about this fee; but Bishop is not a party to this appeal

and we do not of course attempt to determine in any manner any controversy that may arise between him and Baker.

Wherefore, the judgment is affirmed.