**Arthur L. BROOKS, Jr., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 1759.**

United States District Court
E. D. Kentucky,
Lexington Division.

July 12, 1967.

Charles M. Tackett, Lexington, Ky., for plaintiff.

George I. Cline, U. S. Atty., Lexington, Ky., for defendant.

## OPINION

SWINFORD, Chief Judge.

The court has jurisdiction of this action by reason of the provisions of Title 26, Section 7426(b)(2)(B), United States Code. The record is now before the court on the respective motions of the United States and the plaintiff for summary judgment. Rules of Civil Procedure, Rule 56(a), (b), 28 U.S.C.

The plaintiff is a practicing attorney and asserts a statutory lien against funds held by the United States Marshal under orders of the court. The defendant asserted a tax lien and has served upon the United States Marshal a notice of levy upon the funds. The question for determination is the priority in law of the respective liens.

On November 10, 1966 the defendant filed an action styled United States of America v. $5,762 in United States currency, etc., in which the United States sought to forfeit the currency on the alleged ground that the currency was used and intended to be used in violation of the revenue laws of the United States.

On November 21, 1966 the plaintiff in this action, Arthur L. Brooks, acting in the capacity of attorney for one Otto Kuhn, filed an answer and claimed the $5,762.

On February 9, 1967 the court denied the claim of the United States to the fund and by order dismissed the action, but directed the currency to be held by the United States Marshal and delivered by him to the claimant, Otto Kuhn. On the same day, subsequent to the entry of the order dismissing the action and before the currency was delivered to the claimant, Otto Kuhn, the United States, by its agents of the Internal Revenue Service, served a Notice of Levy on the United States Marshal asserting a lien on the money on behalf of the United States as an assessment for unpaid taxes of the claimant, Otto Kuhn.

The plaintiff's claim is based on the agreement which he had with Otto Kuhn

to represent him for one-third of any sum collected in the action brought by the United States against the $5,762. He claims his lien under the provisions of K.R.S. 30.200 and asks judgment in the sum of $1,920.66.

█ The plaintiff had a valid lien effective from the date he was retained by Mr. Kuhn on October 29, 1966. Harlan & Co. v. Bennett, Robbins & Thomas, 127 Ky. 572, 106 S.W. 287; Young v. Auxier, 302 Ky. 571, 195 S.W.2d 295; Birkhead v. Ringo, 274 Ky. 498, 119 S.W. 2d 662; Forrester v. Howard, 124 Ky. 215, 98 S.W. 984; Hatfield v. Richmond, 177 Ky. 183, 197 S.W. 654. However, that lien was an inchoate lien until February 9, 1967, when the court, by virtue of its decision, made available a sum by which the lien could be computed and made choate. United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520; United States v. Liverpool & London Ins. Co., 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268; United States v. Bates, D.C., 158 F.Supp. 32; United States v. Clinton, D.C., 260 F.Supp. 84; United States v. Pay-O-Matic Corp., D. C., 162 F.Supp. 154; United States v. Goldstein, 2 Cir., 256 F.2d 581, cert. denied 358 U.S. 830, 79 S.Ct. 50, 3 L.Ed.2d 68. Determination of priority must be rendered within the confines of the Federal Tax Lien Act of 1966, the effective date of which was November 2, 1966.

Title 26, Section 6321, U.S.C., provides that if any person liable to pay a tax neglects or refuses to pay it after demand, the United States shall have a lien upon all property and rights to property, whether real or personal, belonging to such person.

The Federal Tax Lien Act of 1966 (Public Law 89–719, 89th Cong., H.R. 11256, November 2, 1966, 80 Stat. 1125–1149) made extensive changes in the law concerning Federal tax liens. The following extracts therefrom are pertinent to the issues involved in this case:

Subsection 6323(b) (8) Internal Revenue Code, Public Law 89–719, November 2, 1966, 80 Stat. 1125—

"ATTORNEYS' LIENS.—With respect to a judgment or other amount in settlement of a claim or of a cause of action, as against an attorney who, under local law, holds a lien upon or a contract enforcible against such judgment or amount, to the extent of his reasonable compensation for obtaining such judgment or procuring such settlement, except that this paragraph shall not apply to any judgment or amount in settlement of a claim or of a cause of action against the United States to the extent that the United States offsets such judgment or amount against any liability of the taxpayer to the United States."

Section 114 of Public Law 89–719, November 2, 1966, 80 Stat. 1146—

"(a) General Rule.—Except as otherwise provided, the amendments made by this title shall apply after the date of enactment of this Act, regardless of when a lien or a title of the United States arose or when the lien or interest of any other person was acquired.

"(b) Exceptions.—The amendments made by this title shall not apply in any case—

(1) * * *

(2) in which such amendment would—

(A) impair a priority enjoyed by any person (other than the United States) holding a lien or interest prior to the date of enactment of this Act; * * *."

The legislative history of the Federal Tax Lien Act concerning attorneys' liens can be found in U. S. Code, Congressional and Administrative News, Vol. 3, page 3727, 89th Congress, 2nd Session 1966. It contains the following pertinent observation:

"However, under the bill, in a proceeding against the Government, the Government retains its right to set off against any recoveries from it any amounts due it by the taxpayer on account of any tax or any other debt or claim. This setoff means that the at-

torney's lien superpriority does not apply with respect to judgments he obtains for the taxpayer against the Government."

See also Brozan v. United States, D.C., 128 F.Supp. 895.

 It is the opinion of the court that the plaintiff's lien is subject to the exception in Title 26, Section 6323(b) (8), U.S.C. Therefore, it will be the judgment of the court that the plaintiff's charging lien for legal services rendered to Otto Kuhn will not have priority over the tax lien asserted by the United States. An order dismissing the complaint is this day entered.