**CARSON PARK RIDING CLUB et al.,**
**Appellants,**

v.

**The FRIENDLY HOME FOR CHILDREN,**
**Appellee.**

Court of Appeals of Kentucky.

Dec. 8, 1967.

William B. Byrd, James G. Wheeler, James G. Apple, Wheeler, Marshall & Manchester, David R. Reed, Reed & Scent, Paducah, for appellants.

Richard C. Roberts, Waller, Threlkeld, & Whitlow, T. S. Waller, Paducah, for appellee.

EDWARD P. HILL, Judge.

This is an appeal by plaintiffs and certain intervening plaintiffs from a judgment dismissing their complaints on the pleadings on defendant's motion.

In 1937 a deed was delivered to and accepted by McCracken County for a 30-acre tract of land located in the city of Paducah. The purchase price of the tract was donated by Luther F. Carson and Lola B. Carson. The deed contained this provision:

> "Said property is to be known as Luther Carson Park and is to be used for a Fair Grounds for holding County Fairs, exhibits of livestock, and farm products, and for the training, exercising, exhibiting and racing of the light breeds of horses and ponies, and for horse shows * * *. In the event that the property shall cease to be used for the purposes set out above or shall cease to be known as Luther Carson Park, and if said cessation of the use of the property and said dis-use of the name, Luther Carson Park, shall continue uninterruptedly for a period of two years, then title to said property will vest in and said property will become the property of the Friendly Home of Paducah, Kentucky."

There is no contention on this appeal that there has been a cessation in the use of the property from the purposes for which it was dedicated, although in 1960 the

county of McCracken leased the land to Ben Wood and Eugene Vasseur. Since that time, Wood and Vasseur have continued to operate the property according to the purposes for which it was dedicated.

In 1965 the board of trustees of the Friendly Home of Paducah either sold or announced an intention to sell such interest as it owned in the property to a Catholic hospital organization from the state of Ohio.

Early in 1966 the Carson Park Riding Club filed a complaint initiating this litigation in which it sought to represent all classes of persons entitled to the benefits of the park and the public generally. The complaint sought (a) a declaration of the rights of the parties in the land in question; (b) a judgment declaring "Friendly Home" has no interest in the land and had no right to hold, trade, or convey any interest therein, and (c) injunctive relief to prevent Friendly Home from conveying its interest.

Thereafter Wood and Vasseur, lessees, intervened alleging substantially the same grounds contained in the original complaint. Friendly Home filed what it designated an "answer and counterclaim" to the original complaint, in which it challenged the right of plaintiffs to maintain the action as a class action; and in the portion of its answer designated as "counterclaim," it alleged the charitable purpose for which it was organized and that the hospital organization to which it planned to sell such interest as it had was also organized for a kindred purpose.

There was also filed by Virginia Vaughn and Albert Childers, with permission of the court, an intervening complaint, in which they claimed the right to intervene as residents and taxpayers of McCracken County.

Friendly Home also filed an answer and what it designated as a counterclaim to the intervening complaint of Vaughn and Childers. For its "counterclaim" against Vaughn and Childers, it merely adopted the allegations contained in its answer to the original complaint. No reply was filed by Vaughn and Childers. It should be noted there was no counterclaim in the answer filed to the intervening complaint of Wood and Vasseur.

Appellee Friendly Home moved the trial court for a judgment on the pleadings. This motion was sustained, and judgment was entered dismissing the complaint and the two intervening complaints.

As grounds for reversing the judgment appellants state: (1) The court erred in sustaining defendant's motion for judgment on the pleadings and dismissing plaintiff's complaint because the pleadings were not closed; (2) the court erred in sustaining defendant's motion for judgment on the pleadings and dismissing plaintiffs' complaint because taking the allegations in the complaint as true and the allegations in defendant's answer as false, defendant was not entitled to judgment as a matter of law; and (3) the court erred in sustaining defendant's motion for judgment on the pleadings and dismissing plaintiffs' complaint because there were substantial and relevant issues of fact and of law to be determined which were not disposed of by the court's ruling.

It is the position of appellants in their first ground for reversal that inasmuch as no reply had been filed by Vaughn and Childers, the pleadings were not closed within the meaning of CR 12.03 at the time the court granted judgment for defendant on its motion for judgment on the pleadings. This is sound procedural law and it is well presented, but we have concluded there was no counterclaim at all although defendant Friendly Home designated a paragraph as a "counterclaim."

■ We have indicated above the allegations contained in defendant's "counterclaim," let us next determine the essentials of a counterclaim. In Taylor v. Wilson,

182 Ky. 592, 206 S.W. 865, 866, it was written:

"An answer, to be sufficient as a counterclaim or set-off, must allege facts sufficient to constitute a good cause of action in favor of the defendant against the plaintiff, if the pleading was a petition instead of an answer, and the defendant was plaintiff, and the plaintiff a defendant."

See also Walker v. Smyser's Ex'rs, 80 Ky. 620, 4 Ky.Law Rep. 662, and Hatfield v. Richmond, 177 Ky. 183, 197 S.W. 654. Our recent liberal rules of civil procedure do not change the complexion of a counterclaim CR 8.01 provides:

"A pleading which sets forth a claim for relief, whether an original claim, *counterclaim*, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing *that the pleader is entitled to relief* and (2) a demand for judgment for the relief to which he deems himself entitled." (Emphasis added.)

■ The allegations of the so-called "counterclaim" in the present case merely stated, as above pointed out, the nature of the charitable purposes of Friendly Home and attempted to characterize the Ohio Catholic organization as being interested in a like endeavor. The allegations fall far short of stating a claim justifying relief. The mere fact that defendant undertook to designate his answer as "answer and counterclaim" when there was no counterclaim does not require a reply under CR 13.01. We find abundant authority for this position in CR 8.03, the last sentence of which we quote: "When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleadings as if there had been a proper designation."

■ It is concluded there being no counterclaim, no reply was required. Accordingly defendant's motion for judgment on the pleadings was not premature. The judgment was proper unless there remained disputed questions of fact raised by the pleadings. We now undertake to resolve this question.

Neither appellant alleges any interference with the present use and enjoyment of the land. They only fear the future. Appellee nowhere alleges cessation of the purposes for which the land was dedicated. Boiled down to essentials the pleadings for appellants contend only that appellee has no right to sell such interest, if any, it has in the land. Appellee's pleadings say, yes, it does have such right. There is no disputed question of fact; only one of law involving the interpretation of the deed.

■ Appellee has a contingent future interest denominated as an executory interest, or an estate upon a conditional limitation, the subject of a deed of conveyance or a quit claim deed. Cf. Slowley v. Jenkins, Ky., 408 S.W.2d 452, and 1 Simes and Smith, The Law of Future Interests, 2nd ed., § 221, p. 249. In the event appellee had no estate whatsoever, it has a right to execute a quit claim deed, which is substantially what it is attempting to do. Such action in law does not amount to irreparable injury or to any injury at all to appellants. It is possible that from a practical point of view, the ownership of an executory interest in the land by a financially able, charitable institution intent upon building a hospital would exert some remote sentiment in the abandonment of a riding academy and its replacement by a great hospital. But this possibility is not a legal ground for relief. Such possibility depends upon the ratio of the number of persons wanting a hospital to the number wanting a horse.

We conclude in the language of the trial court that "[t]his interest in said property, whatever it might be, is not an interest which in any way is adverse to the interest of the class which the plaintiffs propose to represent. It is the opinion of this court

that the defendant has the right to convey or contract to convey whatever interest it owns in said property, whether vested or contingent under the authority set forth * * * in Austin et al. v. Calvert et al., Ky., 262 S.W.2d 825."

The judgment is affirmed.

All concur.