842 F.2d 333
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED McGILL CORPORATION, Plaintiff,
v.
BENEFICIAL COMMERCIAL CORPORATION, Defendant/Third-Party
Plaintiff, Cross-Defendant,
MILO RIDGE RESORT; Executive Conference Center; and George
W. Dumstorf, Jr., Defendant/Third-Party Defendants
and Cross Claimants-Appellants,
v.
LIBERTY NATIONAL BANK AND TRUST COMPANY OF LOUISVILLE and
Carlisle Construction Company, Intervenors-Appellees.
 No. 87-5612.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1988.
 
 Before KEITH, WELLFORD and DAVID A. NELSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Milo Ridge Resort and George Dumstorf, Jr., defendants and third-party cross-claimants, appeal the district court's interpretation of Ky.Rev.Stat.Ann. Sec. 376.460 (Baldwin 1981), granting an attorney's lien only upon monies a client actually recovers in suit, and not upon the value of adverse claims successfully defended against by the client's attorney. For the reasons set forth below, we AFFIRM the district court's opinion.
 
 I.
 
 2
 This suit was born of the failure of a $1,000,000 real estate project on the Ohio River. The development project's failure caused Milo Ridge and Dumstorf, the developers of the project, to default on loans from Liberty National Bank. In October, 1982, Liberty National Bank obtained a judgment against Milo Ridge to recover the amount owed on the loans; Milo Ridge presently owes Liberty at least $400,000 on that judgment. Carlisle, one of the companies employed by Milo Ridge on the development project, also filed a claim against Milo Ridge in that litigation, and in November, 1983 obtained a summary judgment against it in the amount of $82,428.21.
 
 
 3
 In the meantime, Milo Ridge had employed Walter J. Swyers, Jr. as its attorney. Swyers' employment agreement provided that "Milo Ridge shall pay the attorney, as attorney's fees for such representation, an amount equal to thirty-five percent (35%) of all damages recovered and adverse claims avoided ..." (emphasis supplied).
 
 
 4
 Also resulting from the failure of the development project, in August, 1981, United McGill Corporation, a boat dock manufacturer, sued Beneficial Commercial Corporation for breach of their purchase agreement of certain boat docks. Milo Ridge was named as one of the third-party defendants in that consolidated action. The third-party defendants filed a cross-claim against Beneficial, and in February, 1986 they recovered a judgment of $384,849.00 against Beneficial. Beneficial appealed that judgment, and eventually settled with Milo Ridge for the sum of $192,484.50. Since Milo Ridge presently has a number of creditors, that settlement amount was paid into court. Except for the $192,484.50 settlement fund, Milo Ridge has no liquidated assets to satisfy any portion of the substantial judgment debts owed to Liberty and Carlisle in the prior actions, or to Mr. Swyers in payment of his attorneys fees.
 
 
 5
 As a result of his representation of Milo Ridge in the above actions, Swyers claims to have avoided $542,849.00 in claims against his client. He also notes that Milo Ridge was awarded $192,484.50 in settlement. Thus, pursuant to his employment agreement, Swyers claims that he is owed thirty-five percent of the above combined amounts, or $257,345.00.
 
 II.
 
 6
 This case centers upon the following question: To which creditor do Milo Ridge's assets [the $192,484.50 settlement award] belong? To Milo Ridge and Swyers, who claim to have a statutory lien on thirty-five percent of all claims avoided and monies recovered? Or to Carlisle and Liberty, who obtained judgments against Milo Ridge on which are still owing in excess of $400,000?
 
 
 7
 There appears to be no disagreement that attorney Swyers is entitled to thirty-five percent of the $192,484.50 his client actually recovered in settlement, or $67,348. The dispute is whether he is entitled to thirty-five percent of adverse claims avoided on behalf of Milo Ridge, or an amount of $189,997.
 
 
 8
 Ky.Rev.Stat.Ann. Sec. 376.460 provides, in pertinent part:
 
 
 9
 Each attorney shall have a lien upon all claims, except those of the state, put into his hands for suit or collection or upon which suit has been instituted, for the amount of any fee agreed upon by the parties or, in the absence of such agreement, for a reasonable fee. If the action is prosecuted to a recovery of money or property, the attorney shall have a lien upon the judgment recovered, legal costs excepted, for his fee.
 
 
 10
 The district court found that this statute is "clear upon its face." Citing three Kentucky cases, the district court interpreted Kentucky law as consistently holding that an attorney has a statutory lien only for monies actually recovered on behalf of the client, and not for amounts representing the defeat of an adverse claim. See Hatfield v. Richmond, 177 Ky. 183, 197 S.W. 654 (1917); T. Harlan & Co. v. Bennett, Robbins v. Thomas, 127 Ky. 572, 106 S.W. 287 (1907); and Lytle v. Bach & Miller, 29 Ky.L.Reptr. 424, 93 S.W. 608 (1906).
 
 
 11
 We believe that, given the wording of the statute and the unambiguous holdings of Kentucky courts, the district court's interpretation of Ky.Rev.Stat.Ann. Sec. 376.460 is a reasonable one. We are therefore constrained from proceeding further: " '[I]f a federal district judge has reached a permissible conclusion upon a question of local law, the Court of Appeals should not reverse, even though it may think the law should be otherwise.' " Louisville & Jefferson Co. Metropolitan Sewer Dist. v. Travelers Ins. Co., 753 F.2d 533, 540 (6th Cir.1985) (quoting Rudd-Melikian, Inc. v. Merritt, 282 F.2d 924, 927 (6th Cir.1960)). Thus, we are unwilling to disturb Judge Allen's ruling.
 
 
 12
 Accordingly, we AFFIRM the decision below.